ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X
                :

UNITED STATES OF AMERICA       :  **SEALED INDICTMENT**

                :

     - v. -          :  19 Cr. _____ (    )

                :

DARRELL LAWRENCE,         :
    a/k/a "Capo,"

DAVON MCCULLOUGH,

    a/k/a "Yung,"
    a/k/a "Dayday,"

GIBRIL DARBOE,

    a/k/a "Mouse,"
    a/k/a "G Money,"

DERRICK CASADO,

    a/k/a "Big Bank,"
    a/k/a "Papa D,"

JUSTIN COLON,

    a/k/a "Lindo,"

MICHAEL ROWE,

    a/k/a "MJ,"

CARLOS RIVERA,

    a/k/a "Nug,"

JAHUAN POLLARD,

    a/k/a "Flip,"

CARLOS ROSARIO,

    a/k/a "Baby Bottle,"
    a/k/a "Carlito,"
    a/k/a "Barlito,"
    a/k/a "Barlos,"

DAVONTE GARCIA,

    a/k/a "VT,"

JOSE NOUEL,

    a/k/a "Tutu,"

JUAN TEJADA,

    a/k/a "Gotti," and

CHRISTIAN LIVERMAN,

           Defendants.

- - - - - - - - - - - - - - - - - - X

**19 CRIM 761**

## COUNT ONE
### (Racketeering Conspiracy)

The Grand Jury charges:

#### THE ENTERPRISE

1. At all times relevant to this Indictment, DARRELL LAWRENCE, a/k/a "Capo," DAVON MCCULLOUGH, a/k/a "Yung," a/k/a "Dayday," GIBRIL DARBOE, a/k/a "Mouse," a/k/a "G Money," DERRICK CASADO, a/k/a "Big Bank," a/k/a "Papa D," JUSTIN COLON, a/k/a "Lindo," MICHAEL ROWE, a/k/a "MJ," CARLOS RIVERA, a/k/a "Nug," JAHUAN POLLARD, a/k/a "Flip," CARLOS ROSARIO, a/k/a "Baby Bottle," a/k/a "Carlito," a/k/a "Barlito," a/k/a "Barlos," DAVONTE GARCIA, a/k/a "VT," and JOSE NOUEL, a/k/a "Tutu," the defendants, and others known and unknown, were members and associates of the Mac Baller Brims (the "Mac Ballers" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other things, narcotics trafficking, acts involving robbery, and acts involving murder.

2. The Mac Ballers operated primarily in and around the 46th Precinct in the Bronx, New York, including on and around Anthony Avenue, East 176th Street, East Tremont Avenue, East 178th Street, Echo Place, and Walton Avenue, among other locations.

3. The Mac Ballers, including its leadership, membership, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The

Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise has engaged in, and its activities affected, interstate and foreign commerce.

4. Certain members and associates of the Mac Ballers committed and agreed, attempted, and threatened to commit acts of violence to protect and expand the territory of the Enterprise, to protect fellow members and associates of the Enterprise, and to protect and expand the drug trafficking operation engaged in by members of the Enterprise. These acts of violence included attempted murder, assaults, and robberies intended either to protect the Enterprise's territory, retaliate against members of rival groups, or to otherwise promote the standing and reputation of the Mac Ballers amongst rival gangs and others in the community.

5. Certain members and associates of the Mac Ballers also sold narcotics primarily in and around areas in the Bronx, New York controlled by the Enterprise, as well as trafficked narcotics to other locations, including Maine. The Mac Ballers controlled narcotics sales in certain areas by prohibiting and preventing non-members, outsiders, and rival dealers from distributing narcotics in the area controlled by the Enterprise.

6. DARRELL LAWRENCE, a/k/a "Capo," DAVON MCCULLOUGH, a/k/a "Yung," a/k/a "Dayday," GIBRIL DARBOE, a/k/a "Mouse," a/k/a

3

"G Money," DERRICK CASADO, a/k/a "Big Bank," a/k/a "Papa D," JUSTIN COLON, a/k/a "Lindo," MICHAEL ROWE, a/k/a "MJ," CARLOS RIVERA, a/k/a "Nug," JAHUAN POLLARD, a/k/a "Flip," CARLOS ROSARIO, a/k/a "Baby Bottle," a/k/a "Carlito," a/k/a "Barlito," a/k/a "Barlos," DAVONTE GARCIA, a/k/a "VT," and JOSE NOUEL, a/k/a "Tutu," the defendants, participated in the operation of the Enterprise, and participated in unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.

## PURPOSES OF THE ENTERPRISE

7.    The purposes of the Enterprise included the following:

a.    Enriching the members and associates of the Enterprise through, among other things, the distribution of narcotics, including cocaine base, heroin, fentanyl, cocaine, oxycodone, and marijuana, as well as through robbery.

b.    Preserving and protecting the power, territory, and profits of the Enterprise and its members and associates through attempted murder and other acts of violence and threats of violence.

c.    Promoting and enhancing the Enterprise and the activities of its members and associates.

d.    Keeping victims and potential victims in fear of the Enterprise and its members and associates through acts and threats of violence.

4

e. Providing assistance to members and associates who committed crimes for and on behalf of the Enterprise.

## MEANS AND METHODS OF THE ENTERPRISE

8. Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a. Members and associates of the Enterprise committed, conspired to commit, attempted to commit, and threatened to commit acts of violence, including acts involving murder and assault, to protect and expand the Enterprise's criminal operations, and in connection with rivalries with other street gangs and individuals adverse to the Enterprise.

b. Members and associates of the Enterprise used threats of violence and physical violence against other members and associates to enforce and maintain discipline within the Enterprise.

c. Members and associates of the Enterprise sold narcotics, including cocaine base, heroin, fentanyl, cocaine, oxycodone, and marijuana.

d. Members and associates of the Enterprise participated in acts involving robbery.

e. Members and associates of the Enterprise obtained, possessed, and used firearms.

f. Members and associates of the Enterprise promoted and celebrated the criminal conduct of the Enterprise, namely narcotics distribution, acts involving violence, and firearm usage, in music videos and on social media websites.

## THE RACKETEERING VIOLATION

9. From at least in or about 2017, up to and including in or about 2019, in the Southern District of New York and elsewhere, DARRELL LAWRENCE, a/k/a "Capo," DAVON MCCULLOUGH, a/k/a "Yung," a/k/a "Dayday," GIBRIL DARBOE, a/k/a "Mouse," a/k/a "G Money," DERRICK CASADO, a/k/a "Big Bank," a/k/a "Papa D," JUSTIN COLON, a/k/a "Lindo," MICHAEL ROWE, a/k/a "MJ," CARLOS RIVERA, a/k/a "Nug," JAHUAN POLLARD, a/k/a "Flip," CARLOS ROSARIO, a/k/a "Baby Bottle," a/k/a "Carlito," a/k/a "Barlito," a/k/a "Barlos," DAVONTE GARCIA, a/k/a "VT," and JOSE NOUEL, a/k/a "Tutu," the defendants, and others known and unknown, being persons employed by and associated with the enterprise described in paragraphs 1 through 8 of Count One of this Indictment, to wit, the Mac Ballers Enterprise, which Enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering

6

activity, as that term is defined in Title 18, United States Code, Section 1961(1) and 1961(5), consisting of:

a.  multiple acts involving murder, in violation of New York State Penal Law, Sections 125.25 (murder in the second degree), 110.00 (attempt), 105.15 (conspiracy), and 20.00 (accessory liability);

b.  multiple offenses involving the distribution of controlled substances, including, 280 grams and more of cocaine base, in a form commonly referred to as "crack cocaine," and quantities of heroin, fentanyl, cocaine, oxycodone, and marijuana, in violation of the laws of the United States, specifically Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 841(b)(1)(D), and 846, and Title 18, United States Code, Section 2;

c.  multiple acts involving robbery, in violation of New York State Penal Law, Sections 160.15 (robbery in the first degree), 160.10 (robbery in the second degree), 160.05 (robbery in the third degree), 110.00 (attempt), 105.10 (conspiracy), and 20.00 (accessory liability); and

d.  multiple acts indictable under Title 18, United States Code, Section 1951 (relating to Hobbs Act robbery).

10.  It was a part of the conspiracy that the defendants agreed that a conspirator would commit at least two acts of

7

racketeering activity in the conduct of the affairs of the Enterprise.

## Notice of Special Sentencing Factors

### A. Narcotics Distribution

11. From at least in or about 2017, up to and including in or about 2019, in the Southern District of New York and elsewhere, DARRELL LAWRENCE, a/k/a "Capo," DAVON MCCULLOUGH, a/k/a "Yung," a/k/a "Dayday," GIBRIL DARBOE, a/k/a "Mouse," a/k/a "G Money," DERRICK CASADO, a/k/a "Big Bank," a/k/a "Papa D," JUSTIN COLON, a/k/a "Lindo," MICHAEL ROWE, a/k/a "MJ," CARLOS RIVERA, a/k/a "Nug," JAHUAN POLLARD, a/k/a "Flip," CARLOS ROSARIO, a/k/a "Baby Bottle," a/k/a "Carlito," a/k/a "Barlito," a/k/a "Barlos," DAVONTE GARCIA, a/k/a "VT," and JOSE NOUEL, a/k/a "Tutu," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States. It was a part and an object of the conspiracy that LAWRENCE, MCCULLOUGH, DARBOE, CASADO, COLON, ROWE, RIVERA, POLLARD, ROSARIO, GARCIA, NOUEL, and others known and unknown, would and did distribute and possess with intent to distribute 280 grams and more of cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
### (Assault and Attempted Murder in Aid of Racketeering)
### (ROWE)

The Grand Jury further charges:

12. At all times relevant to this Indictment, the Mac Ballers, as described in paragraphs 1 through 8 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, its membership, and its associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

13. At all times relevant to this Indictment, the Mac Ballers, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law; offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846; acts involving robbery, in violation of New York State Penal Law; and acts indictable under Title 18, United States Code, Section 1951 (relating to Hobbs Act robbery).

9

14. On or about September 14, 2018, in the Southern District of New York, MICHAEL ROWE, a/k/a "MJ," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Mac Ballers, and for the purpose of gaining entrance to and maintaining and increasing position in the Mac Ballers, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon and attempted to murder an individual, and aided and abetted the same, to wit, ROWE shot a gun at another individual in the vicinity of East 176th Street and Anthony Avenue in the Bronx, New York, in violation of New York Penal Law, Sections 120.14, 125.25, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

## COUNT THREE
### (Firearms Offense)
### (ROWE)

The Grand Jury further charges:

15. On or about September 14, 2018, in the Southern District of New York, MICHAEL ROWE, a/k/a "MJ," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the assault and attempted murder in aid of racketeering charged in Count Two of this Indictment, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and

10

abet the use, carrying, and possession of a firearm, which was
brandished and discharged.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), and (iii), and 2.)

## COUNT FOUR
### (Assault and Attempted Murder in Aid of Racketeering)
### (COLON)

The Grand Jury further charges:

16. At all times relevant to this Indictment, the Mac Ballers,
as described in paragraphs 1 through 8 of Count One of this
Indictment, which are repeated and incorporated by reference as
though fully set forth herein, including its leadership, its
membership, and its associates, constituted an enterprise, as that
term is defined in Title 18, United States Code, Section 1959(b)(2),
that is, an association in fact of individuals engaged in, and the
activities of which affected, interstate and foreign commerce. The
Enterprise constituted an ongoing organization whose members
functioned as a continuing unit for a common purpose of achieving
the objectives of the Enterprise.

17. At all times relevant to this Indictment, the Mac Ballers,
through its members and associates, engaged in racketeering
activity, as that term is defined in Title 18, United States Code,
Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in
violation of New York Penal Law; offenses involving narcotics
trafficking, in violation of Title 21, United States Code, Sections
812, 841, and 846; acts indictable under Title 18, United States

11

Code, Section 1951 (relating to Hobbs Act robbery); and acts involving robbery, in violation of New York State Penal Law.

18. On or about March 9, 2019, in the Southern District of New York, JUSTIN COLON, a/k/a "Lindo," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Mac Ballers, and for the purpose of gaining entrance to and maintaining and increasing position in the Mac Ballers, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a dangerous weapon, and attempted to murder individuals, and aided and abetted the same, to wit, COLON shot a gun at two individuals in the vicinity of 1838 Anthony Avenue in the Bronx, New York, in violation of New York Penal Law, Sections 120.14, 125.25, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

## COUNT FIVE
### (Firearms Offense)
### (COLON)

The Grand Jury further charges:

19. On or about March 9, 2019, in the Southern District of New York, JUSTIN COLON, a/k/a "Lindo," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the assault and attempted murder in aid of racketeering charged in Count Four of this Indictment, knowingly did use and carry a firearm, and, in

12

furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), and (iii), and 2.)

## COUNT SIX
### (Assault and Attempted Murder in Aid of Racketeering)
### (CASADO)

The Grand Jury further charges:

20. At all times relevant to this Indictment, the Mac Ballers, as described in paragraphs 1 through 8 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, its membership, and its associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

21. At all times relevant to this Indictment, the Mac Ballers, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law; offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections

13

812, 841, and 846; acts indictable under Title 18, United States Code, Section 1951 (relating to Hobbs Act robbery); and acts involving robbery, in violation of New York State Penal Law.

22. On or about May 17, 2019, in the Southern District of New York, DERRICK CASADO, a/k/a "Big Bank," a/k/a "Papa D," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Mac Ballers, and for the purpose of gaining entrance to and maintaining and increasing position in the Mac Ballers, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon, and attempted to murder an individual, and aided and abetted the same, to wit, CASADO shot a gun at another individual in the leg in the vicinity of Sheridan Avenue and Marcy Place in the Bronx, New York, in violation of New York Penal Law, Sections 120.14, 125.25, 110.00, and 20.00

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

## COUNT SEVEN
### (Firearms Offense)
### (CASADO)

The Grand Jury further charges:

23. On or about May 17, 2019, in the Southern District of New York, DERRICK CASADO, a/k/a "Big Bank," a/k/a "Papa D," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the

14

assault and attempted murder in aid of racketeering charged in Count Six of this Indictment, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), and (iii), and 2.)

## COUNT EIGHT
### (Assault and Attempted Murder in Aid of Racketeering)
### (ROSARIO)

The Grand Jury further charges:

24.    At all times relevant to this Indictment, the Mac Ballers, as described in paragraphs 1 through 8 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, its membership, and its associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce.    The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

25.    At all times relevant to this Indictment, the Mac Ballers, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in

15

violation of New York Penal Law; offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846; acts indictable under Title 18, United States Code, Section 1951 (relating to Hobbs Act robbery); and acts involving robbery, in violation of New York State Penal Law.

26. On or about July 18, 2019, in the Southern District of New York, CARLOS ROSARIO, a/k/a "Baby Bottle," a/k/a "Carlito," a/k/a "Barlos," a/k/a "Barlito," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Mac Ballers, and for the purpose of gaining entrance to and maintaining and increasing position in the Mac Ballers, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a dangerous weapon, and attempted to murder individuals, and aided and abetted the same, to wit, ROSARIO attempted to shoot a gun at other individuals in the vicinity of East 178 Street between Anthony Avenue and the Grand Concourse in the Bronx, New York, in violation of New York Penal Law, Sections 120.14, 125.25, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

16

## COUNT NINE
## (Firearms Offense)
## (ROSARIO)

The Grand Jury further charges:

27.    On or about July 18, 2019, in the Southern District of New York, CARLOS ROSARIO, a/k/a "Baby Bottle," a/k/a "Carlito," a/k/a "Barlos," a/k/a "Barlito," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the assault and attempted murder in aid of racketeering charged in Count Eight of this Indictment, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i) and (ii), and 2.)

## COUNT TEN
## (Assault and Attempted Murder in Aid of Racketeering)
## (ROSARIO)

The Grand Jury further charges:

28.    At all times relevant to this Indictment, the Mac Ballers, as described in paragraphs 1 through 8 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, its membership, and its associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the

17

activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

29. At all times relevant to this Indictment, the Mac Ballers, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law; offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846; acts indictable under Title 18, United States Code, Section 1951 (relating to Hobbs Act robbery); and acts involving robbery, in violation of New York State Penal Law.

30. On or about July 20, 2019, in the Southern District of New York, CARLOS ROSARIO, a/k/a "Baby Bottle," a/k/a "Carlito," a/k/a "Barlos," a/k/a "Barlito," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Mac Ballers, and for the purpose of gaining entrance to and maintaining and increasing position in the Mac Ballers, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon, and attempted to murder an individual, and aided and abetted the same, to wit, ROSARIO shot at another individual in the vicinity

of 2000 Valentine Avenue in the Bronx, New York, in violation of New York Penal Law, Sections 120.14, 125.25, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

### COUNT ELEVEN
### (Firearms Offense)
### (ROSARIO)

The Grand Jury further charges:

31. On or about July 20, 2019, in the Southern District of New York, CARLOS ROSARIO, a/k/a "Baby Bottle," a/k/a "Carlito," a/k/a "Barlos," a/k/a "Barlito," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the assault and attempted murder in aid of racketeering charged in Count Ten of this Indictment, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), and (iii), and 2.)

### COUNT TWELVE
### (Narcotics Conspiracy)

The Grand Jury further charges:

32. From in or about 2017 up to and including in or about 2019, in the Southern District of New York and elsewhere, DARRELL LAWRENCE, a/k/a "Capo," DAVON MCCULLOUGH, a/k/a "Yung," a/k/a "Dayday," GIBRIL DARBOE, a/k/a "Mouse," a/k/a "G Money," DERRICK

19

CASADO, a/k/a "Big Bank," a/k/a "Papa D," JUSTIN COLON, a/k/a "Lindo," MICHAEL ROWE, a/k/a "MJ," CARLOS RIVERA, a/k/a "Nug," JAHUAN POLLARD, a/k/a "Flip," CARLOS ROSARIO, a/k/a "Baby Bottle," a/k/a "Carlito," a/k/a "Barlito," a/k/a "Barlos," DAVONTE GARCIA, a/k/a "VT," JOSE NOUEL, a/k/a "Tutu," JUAN TEJADA, a/k/a "Gotti," and CHRISTIAN LIVERMAN, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

33. It was a part and an object of the conspiracy that DARRELL LAWRENCE, a/k/a "Capo," DAVON MCCULLOUGH, a/k/a "Yung," a/k/a "Dayday," GIBRIL DARBOE, a/k/a "Mouse," a/k/a "G Money," DERRICK CASADO, a/k/a "Big Bank," a/k/a "Papa D," JUSTIN COLON, a/k/a "Lindo," MICHAEL ROWE, a/k/a "MJ," CARLOS RIVERA, a/k/a "Nug," JAHUAN POLLARD, a/k/a "Flip," CARLOS ROSARIO, a/k/a "Baby Bottle," a/k/a "Carlito," a/k/a "Barlito," a/k/a "Barlos," DAVONTE GARCIA, a/k/a "VT," JOSE NOUEL, a/k/a "Tutu," JUAN TEJADA, a/k/a "Gotti," and CHRISTIAN LIVERMAN, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

34. The controlled substances that DARRELL LAWRENCE, a/k/a "Capo," DAVON MCCULLOUGH, a/k/a "Yung," a/k/a "Dayday," GIBRIL DARBOE, a/k/a "Mouse," a/k/a "G Money," DERRICK CASADO, a/k/a

"Big Bank," a/k/a "Papa D," JUSTIN COLON, a/k/a "Lindo," MICHAEL ROWE, a/k/a "MJ," CARLOS RIVERA, a/k/a "Nug," JAHUAN POLLARD, a/k/a "Flip," CARLOS ROSARIO, a/k/a "Baby Bottle," a/k/a "Carlito," a/k/a "Barlito," a/k/a "Barlos," DAVONTE GARCIA, a/k/a "VT," JOSE NOUEL, a/k/a "Tutu," JUAN TEJADA, a/k/a "Gotti," and CHRISTIAN LIVERMAN, the defendants, conspired to distribute and possess with intent to distribute were: (1) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly referred to as "crack cocaine," in violation of Title 21, United States Code, Section 841(b)(1)(A); (2) mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C); (3) mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C); (4) mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C); (5) oxycodone, in violation of Title 21, United States Code, Section 841(b)(1)(C); and (6) mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

## COUNT THIRTEEN
### (Firearms Offenses)

The Grand Jury further charges:

35. From in or about 2017 up to and including in or about 2019, in the Southern District of New York and elsewhere, DARRELL LAWRENCE, a/k/a "Capo," DAVON MCCULLOUGH, a/k/a "Yung," a/k/a "Dayday," GIBRIL DARBOE, a/k/a "Mouse," a/k/a "G Money," DERRICK CASADO, a/k/a "Big Bank," a/k/a "Papa D," JUSTIN COLON, a/k/a "Lindo," MICHAEL ROWE, a/k/a "MJ," CARLOS RIVERA, a/k/a "Nug," JAHUAN POLLARD, a/k/a "Flip," CARLOS ROSARIO, a/k/a "Baby Bottle," a/k/a "Carlito," a/k/a "Barlito," a/k/a "Barlos," DAVONTE GARCIA, a/k/a "VT," JOSE NOUEL, a/k/a "Tutu," JUAN TEJADA, a/k/a "Gotti," and CHRISTIAN LIVERMAN, the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the drug trafficking conspiracy charged in Count Twelve of this Indictment, knowingly did use and carry firearms, and in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, some of which were brandished and discharged.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), and (iii), and 2.)

## FORFEITURE ALLEGATION AS TO COUNT ONE

36. As a result of committing the offense alleged in Count One of this Indictment, DARRELL LAWRENCE, a/k/a "Capo," DAVON MCCULLOUGH, a/k/a "Yung," a/k/a "Dayday," GIBRIL DARBOE, a/k/a

"Mouse," a/k/a "G Money," DERRICK CASADO, a/k/a "Big Bank," a/k/a "Papa D," JUSTIN COLON, a/k/a "Lindo," MICHAEL ROWE, a/k/a "MJ," CARLOS RIVERA, a/k/a "Nug," JAHUAN POLLARD, a/k/a "Flip," CARLOS ROSARIO, a/k/a "Baby Bottle," a/k/a "Carlito," a/k/a "Barlito," a/k/a "Barlos," DAVONTE GARCIA, a/k/a "VT," and JOSE NOUEL, a/k/a "Tutu," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, (i) any interests acquired and maintained in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1); (ii) any interest in, security of, claims against, and property and contractual rights of any kind affording a source of influence over, the enterprise which the defendant has established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and (iii) any property constituting and derived from any proceeds which the defendant obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

## FORFEITURE ALLEGATION AS TO COUNT TWELVE

37. As a result of committing the controlled substance offense alleged in Count Twelve of this Indictment, DARRELL LAWRENCE, a/k/a "Capo," DAVON MCCULLOUGH, a/k/a "Yung," a/k/a "Dayday," GIBRIL DARBOE, a/k/a "Mouse," a/k/a "G Money," DERRICK CASADO, a/k/a "Big Bank," a/k/a "Papa D," JUSTIN COLON, a/k/a "Lindo," MICHAEL ROWE, a/k/a "MJ," CARLOS RIVERA, a/k/a "Nug," JAHUAN POLLARD, a/k/a "Flip," CARLOS ROSARIO, a/k/a "Baby Bottle," a/k/a "Carlito," a/k/a "Barlito," a/k/a "Barlos," DAVONTE GARCIA, a/k/a "VT," JOSE NOUEL, a/k/a "Tutu," JUAN TEJADA, a/k/a "Gotti," and CHRISTIAN LIVERMAN, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

24

## Substitute Assets Provision

38.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

> a.   cannot be located upon the exercise of due diligence;
>
> b.   has been transferred or sold to, or deposited with, a third person;
>
> c.   has been placed beyond the jurisdiction of the Court;
>
> d.   has been substantially diminished in value; or
>
> e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1963.)

GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DARRELL LAWRENCE, a/k/a "Capo,"
DAVON MCCULLOUGH, a/k/a "Yung,"
                        a/k/a "Dayday,"
GIBRIL DARBOE, a/k/a "Mouse,"
                        a/k/a "G Money,"
DERRICK CASADO, a/k/a "Big Bank,"
                        a/k/a "Papa D,"
JUSTIN COLON, a/k/a "Lindo,"
MICHAEL ROWE, a/k/a "MJ,"
CARLOS RIVERA, a/k/a "Nug,"
JAHUAN POLLARD, a/k/a "Flip,"
CARLOS ROSARIO, a/k/a "Baby Bottle,"
                        a/k/a "Carlito,"
                        a/k/a "Barlito,"
                        a/k/a "Barlos,"
DAVONTE GARCIA, a/k/a "VT,"
JOSE NOUEL, a/k/a "Tutu,"
JUAN TEJADA, a/k/a "Gotti," and
CHRISTIAN LIVERMAN,

                        Defendant.

SEALED INDICTMENT

19 Cr. _____ (    )

(Title 18, United States Code,
Sections 1962(d), 1959(a)(3) and (5),
924(c), and 2; and Title 21, United
States Code, Section 846.)

*Angella Bucci*                GEOFFREY S. BERMAN
                               United States Attorney.

Dpty *Foreperson*

Oct. 22. 19
Filed Sealed Indictment.
U.S.M.J. Debra Freeman