UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **19 Cr. 761 (JPO)** |
| Darrell Lawrence et al., | |
| *Defendants.* | |

    Upon the application of the United States of America, with the consent of the undersigned counsel on behalf of the Defendants in the above-captioned case (the "Defendants"), and the Defendants having requested discovery under Federal Rule of Criminal Procedure 16, the Court hereby finds and orders as follows:

    1. **Disclosure Material.** The Government will make disclosure to the Defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (3) has not yet been searched by the Government to determine responsiveness; and (4) is not authorized to be disclosed to the public or others besides the Defendants and their counsel in this criminal case.

    2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and

whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation and to disclose all disclosure material and sensitive disclosure material without significant delay occasioned by responsiveness review or necessary redactions. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material and sensitive disclosure material shall not be disclosed by the Defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or sensitive disclosure material on any Internet site or network site,[1] and shall not disclose any disclosure material or sensitive disclosure material to any third party except as set forth below.

---

[1] This does not prohibit counsel for any Defendant from using secure, private web services such as "Drop Box" to store disclosure material or sensitive disclosure material, or to transfer such materials to other authorized recipients.

6. Disclosure material may be disclosed by counsel to:

   a. Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

   b. Prospective witnesses for purposes of defending this action; and

   c. The Defendants.

7. Sensitive disclosure material shall be labeled "SENSITIVE" and may be disclosed only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, and the Defendants, subject to the following limitations:

   a. The Defendants may review sensitive disclosure material only in the presence of counsel or any other person authorized to receive sensitive disclosure material;

   b. The Defendants may not copy or otherwise record sensitive disclosure material; and

   c. The Defendants may not keep sensitive disclosure material or a copy of such material outside the presence of counsel, including in any prison facility.

8. Certain highly sensitive disclosure material may be labeled "ATTORNEY'S EYES ONLY" or "AEO" and may be disclosed only to personnel for whose conduct counsel is responsible (not to the Defendants):

   a. Defense counsel and personnel for whose conduct counsel is responsible may communicate to defendants the contents of disclosure material labeled "AEO" but may not disclose to defendant any personal information (including name, address, phone number, and any identifiers specified in Rule 5.2 of the Federal Rules of Civil Procedure) contained in the AEO disclosure;

b. Defense counsel may seek the Government's consent to modify any "AEO" designation; and

c. Defense counsel may submit to the Court, *ex parte*, request to show AEO materials to Defendants under the same limitations set forth in paragraph 7 of this Order (governing sensitive disclosure material). Defense counsel must cause notice to be given to the Government if such an *ex parte* request is made (though need not disclose the substance of the request or any documents that are the subject of the request) and must cause notice to be given to the Government of whether the request is granted or denied.

9. Any Coordinating Discovery Attorney (CDA), if appointed by the Court, may disclose, make copies of, or reveal the contents of such materials to defense counsel and to the CDA's employees who are assisting in the preparation and dissemination of such materials, and to third party vendors the CDA may deem necessary to retain to process the discovery the CDA receives, all in furtherance of fulfilling her duties and obligations under the Court's order appointing the CDA. The CDA shall serve this Protective Order upon any such attorney, employee or vendor, instructing them that they are bound by its terms, and the CDA shall instruct such other persons that further disclosure is prohibited.

10. The Government may authorize, in writing, disclosure of disclosure material and sensitive disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

11. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However,

sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or order of the Court. All filings should comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1.

**Disclosure and Protection of Seized ESI**

12. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized—pursuant to warrants issued during the course of the investigation or with the owner's or user's consent—from various computers, cell phones, and other devices and storage media, as well as social media accounts. Such ESI was seized from various cellphones and social media accounts belonging to the Defendants.

13. The Government is authorized to disclose to counsel for the Defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain discoverable material ("the seized ESI material"). Seized ESI material shall generally be treated as sensitive disclosure material, absent the Government's consent or order of the Court, and the Defendants may not keep such material or a copy of such material outside the presence of counsel, including in any prison facility

14. The Defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

15. This Order places no restriction on each Defendant's use or disclosure of ESI that originally belonged to that Defendant.

**Return or Destruction of Material**

16. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to each Defendant's handling of any disclosure material or ESI that originally belonged to that Defendant.

**Retention of Jurisdiction**

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: ___*Frank J. Balsamello*___   Date: ___12/4/19___
Frank J. Balsamello
Jamie Bagliebter
Assistant United States Attorneys


_____   Date: _____
Gary Becker, Esq.
Counsel for Darrell Lawrence

15. This Order places no restriction on each Defendant's use or disclosure of ESI that originally belonged to that Defendant.

**Return or Destruction of Material**

16. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to each Defendant's handling of any disclosure material or ESI that originally belonged to that Defendant.

**Retention of Jurisdiction**

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____   Date: _____
    Frank J. Balsamello
    Jamie Bagliebter
    Assistant United States Attorneys

_/s/ Gary X. Becker_   Date: _11/15/19_
Gary Becker, Esq.
Counsel for Darrell Lawrence

FL-MM
Florian Miedel           , Esq.        Date: 11/18/19
Counsel for Davon McCullough

_____          Date: _____
Xavier Donaldson, Esq.
Counsel for Gibril Darboe

_____          Date: _____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado

_____          Date: _____
Natali Todd, Esq.
Counsel for Justin Colon

_____          Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

_____          Date: _____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera

_____          Date: _____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard

_____          Date: _____
Richard Lind, Esq.
Counsel for Carlos Rosario

_____, Esq.            Date: _____
Counsel for Davonte Garcia

_____, Esq.            Date: _____
Counsel for Jose Nouel

_____          Date: _____
Donna Newman, Esq.
Counsel for Juan Tejada

7

_____  Date: _____
Florian Miedel, Esq.
Counsel for Davon McCullough

_____  Date: __11/18/19__
Xavier Donaldson, Esq.
Counsel for Gibril Darboe

_____  Date: _____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado

_____  Date: _____
Natali Todd, Esq.
Counsel for Justin Colon

_____  Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

_____  Date: _____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera

_____  Date: _____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard

_____  Date: _____
Richard Lind, Esq.
Counsel for Carlos Rosario

_____  Date: _____
James Branden, Esq.
Counsel for Davonte Garcia

_____  Date: _____
Angus James Bell, Esq.
Counsel for Jose Nouel

_____  Date: _____
Donna Newman, Esq.
Counsel for Juan Tejada

_____       Date: _____
Florian Miedel, Esq.
Counsel for Davon McCullough

_____       Date: _____
Xavier Donaldson, Esq.
Counsel for Gibril Darboe

*[signature]*                     Date: 11/19/19
Kenneth A. Paul, Esq.
Counsel for Derrick Casado

_____       Date: _____
Natali Todd, Esq.
Counsel for Justin Colon

_____       Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

_____       Date: _____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera

_____       Date: _____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard

_____       Date: _____
Richard Lind, Esq.
Counsel for Carlos Rosario

_____       Date: _____
James Branden, Esq.
Counsel for Davonte Garcia

_____       Date: _____
Angus James Bell, Esq.
Counsel for Jose Nouel

_____       Date: _____
Donna Newman, Esq.
Counsel for Juan Tejada

7

_____, Esq.
Counsel for Davon McCullough

Date: _____

_____
Xavier Donaldson, Esq.
Counsel for Gibril Darboe

Date: _____

_____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado

Date: _____

_____*N. [signature]*_____
Natali Todd, Esq.
Counsel for Justin Colon

Date: 11/13/17

_____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

Date: _____

_____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera

Date: _____

_____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard

Date: _____

_____
Richard Lind, Esq.
Counsel for Carlos Rosario

Date: _____

_____, Esq.
Counsel for Davonte Garcia

Date: _____

_____, Esq.
Counsel for Jose Nouel

Date: _____

_____
Donna Newman, Esq.
Counsel for Juan Tejada

| | |
|---|---|
| _____, Esq.<br>Counsel for Davon McCullough | Date: _____ |
| _____<br>Xavier Donaldson, Esq.<br>Counsel for Gibril Darboe | Date: _____ |
| _____<br>Kenneth A. Paul, Esq.<br>Counsel for Derrick Casado | Date: _____ |
| _____<br>Natali Todd, Esq.<br>Counsel for Justin Colon | Date: _____ |
| *Lorraine Gauli-Rufo*<br>Lorraine Gauli-Rufo, Esq.<br>Counsel for Michael Rowe | Date: 11/18/2019 |
| _____<br>Daniel McGuinness, Esq.<br>Counsel for Carlos Rivera | Date: _____ |
| _____<br>Thomas Dunn, Esq.<br>Counsel for Jahuan Pollard | Date: _____ |
| _____<br>Richard Lind, Esq.<br>Counsel for Carlos Rosario | Date: _____ |
| _____, Esq.<br>Counsel for Davonte Garcia | Date: _____ |
| _____, Esq.<br>Counsel for Jose Nouel | Date: _____ |
| _____<br>Donna Newman, Esq.<br>Counsel for Juan Tejada | Date: _____ |

_____, Esq.  Date: _____
Counsel for Davon McCullough

_____  Date: _____
Xavier Donaldson, Esq.
Counsel for Gibril Darboe

_____  Date: _____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado

_____  Date: _____
Natali Todd, Esq.
Counsel for Justin Colon

_____  Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

*/s/ Daniel McGuinness/*  Date: 11/13/2019
Daniel McGuinness, Esq.
Counsel for Carlos Rivera

_____  Date: _____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard

_____  Date: _____
Richard Lind, Esq.
Counsel for Carlos Rosario

_____, Esq.  Date: _____
Counsel for Davonte Garcia

_____, Esq.  Date: _____
Counsel for Jose Nouel

_____  Date: _____
Donna Newman, Esq.
Counsel for Juan Tejada

7

_____, Esq.
Counsel for Davon McCullough

Date: _____

_____
Xavier Donaldson, Esq.
Counsel for Gibril Darboe

Date: _____

_____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado

Date: _____

_____
Natali Todd, Esq.
Counsel for Justin Colon

Date: _____

_____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

Date: _____

_____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera

Date: _____

*/s/ Thomas Dunn*
Thomas Dunn, Esq.
Counsel for Jahuan Pollard

Date: 11/5/19

_____
Richard Lind, Esq.
Counsel for Carlos Rosario

Date: _____

_____, Esq.
Counsel for Davonte Garcia

Date: _____

_____, Esq.
Counsel for Jose Nouel

Date: _____

_____
Donna Newman, Esq.
Counsel for Juan Tejada

Date: _____

_____  Date: _____
Florian Miedel, Esq.
Counsel for Davon McCullough

_____  Date: _____
Xavier Donaldson, Esq.
Counsel for Gibril Darboe

_____  Date: _____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado

_____  Date: _____
Natali Todd, Esq.
Counsel for Justin Colon

_____  Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

_____  Date: _____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera

_____  Date: _____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard

/s/ Richard Lind                  Date: November 24, 2019
Richard Lind, Esq.
Counsel for Carlos Rosario

_____  Date: _____
James Branden, Esq.
Counsel for Davonte Garcia

_____  Date: _____
Angus James Bell, Esq.
Counsel for Jose Nouel

_____  Date: _____
Donna Newman, Esq.
Counsel for Juan Tejada

7

_____   Date: _____
Florian Miedel, Esq.
Counsel for Davon McCullough

_____   Date: _____
Xavier Donaldson, Esq.
Counsel for Gibril Darboe

_____   Date: _____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado

_____   Date: _____
Natali Todd, Esq.
Counsel for Justin Colon

_____   Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

_____   Date: _____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera

_____   Date: _____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard

_____   Date: _____
Richard Lind, Esq.
Counsel for Carlos Rosario

*/s/ James Branden*            Date: 11/18/2019
James Branden, Esq.
Counsel for Davonte Garcia

_____   Date: _____
Angus James Bell, Esq.
Counsel for Jose Nouel

_____   Date: _____
Donna Newman, Esq.
Counsel for Juan Tejada

7

_____  Date: _____
Florian Miedel, Esq.
Counsel for Davon McCullough

_____  Date: _____
Xavier Donaldson, Esq.
Counsel for Gibril Darboe

_____  Date: _____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado

_____  Date: _____
Natali Todd, Esq.
Counsel for Justin Colon

_____  Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

_____  Date: _____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera

_____  Date: _____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard

_____  Date: _____
Richard Lind, Esq.
Counsel for Carlos Rosario

_____  Date: _____
James Branden, Esq.
Counsel for Davonte Garcia

*A. James Bell*  Date: December 4, 2019
Angus James Bell, Esq.
Counsel for Jose Nouel

_____  Date: _____
Donna Newman, Esq.
Counsel for Juan Tejada

_____, Esq.  Date: _____
Counsel for Davon McCullough

_____  Date: _____
Xavier Donaldson, Esq.
Counsel for Gibril Darboe

_____  Date: _____
Kenneth A. Paul, Esq.
Counsel for Derrick Casado

_____  Date: _____
Natali Todd, Esq.
Counsel for Justin Colon

_____  Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for Michael Rowe

_____  Date: _____
Daniel McGuinness, Esq.
Counsel for Carlos Rivera

_____  Date: _____
Thomas Dunn, Esq.
Counsel for Jahuan Pollard

_____  Date: _____
Richard Lind, Esq.
Counsel for Carlos Rosario

_____, Esq.  Date: _____
Counsel for Davonte Garcia

_____, Esq.  Date: _____
Counsel for Jose Nouel

*/s/ Donna Newman/*  Date: 11/4/2019
Donna Newman, Esq.
Counsel for Juan Tejada

7

_____  Date: 11/5/19
David Touger, Esq.
Counsel for Christian Liverman

SO ORDERED:
Dated: New York, New York
          _____, 2019

_____
THE HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

_____        Date: _____
David Touger, Esq.
Counsel for Christian Liverman

SO ORDERED:
Dated: New York, New York
       December 5, 2019

_____
J. PAUL OETKEN
United States District Judge

8